THE TENNESSEE LUMBER CO., ET AL. v. JAMES W. MARCY.

DISMISSING A PROCEEDING IN ERROR.

A proceeding in error will be dismissed for failing to bring up all the parties in interest in the original action.

HEARD ON ERROR to the Court of Common Pleas.

SMITH, J.

In this case it clearly appears that quite a number of persons who were parties to the controversy in the probate court, and in the court of common pleas, to which it was taken by appeal, are not parties to this proceeding in error in any way. They were all directly interested and affected by the decree which was rendered in the court of common pleas

ordering the distribution of the estate of Marcy, who has made an assignment of his property to Crane for the benefit to his creditors. Marcy alone was made a defendant to the error proceeding. There were several other persons who held mortgages on the property, executed by Marcy before the assignment, and who were parties in the proceeding in the probate court and in the common pleas. Any change or modification of the decree of the common pleas, would affect their interests. As has been said, neither they nor Crane, the assignee (who possibly, if he had been made a defendant, might have represented their interests), were made parties to this proceeding to reverse that decree. They were proper and necessary parties to this proceeding. The decree in the common pleas having been rendered in July, 1894, and proper parties not having been made, and it being now too late to do so, this court has no jurisdiction to reverse or modify said decree, and the case must be stricken from the docket. See *Smetters* v. *Rainey*, 14 O. S., 287; *Jones* v. *Marsh*, 30 O. S., 20; *Burke* v. *Taylor*, 45 O. S., 444; *Page* v. *McConville*, 6 Circ. Dec., 631.

*Thomas McDougall*, Attorney for Plaintiff in Error.
*Marsh & Ritchie*, Contra.

---

## PLEADING—ERROR.

[Warren Circuit Court, October Term, 1896.]

Swing, Smith and Cox, JJ.

### ADAM G. COLLINS V. FRANCIS MANSFIELD ET AL.

1. QUESTION OF MISJOINDER OF PARTIES PLAINTIFF MAY BE RAISED IN THE ANSWER.

When, on the face of a petition in error there appears to be a misjoinder of parties plaintiff, which could only be taken advantage of by a special demurrer, and such a demurrer is not filed, the defendant waives the objection under the provisions of section 5064, Revised Statutes, but he may properly raise the question by answer.

2. JOINDER OF PLAINTIFFS IN AN ACTION TO FORECLOSE AND REFORM A MORTGAGE.

Where several parties plaintiff file a petition asking for the foreclosure of a mortgage made by defendant, to secure the payment of notes given by him to them severally, and also asking for a reformation of the mortgage on the ground that the land intended to be mortgaged was not correctly described therein: *Held*, that as the petition set up a claim for the reformation of the mortgage in which the plaintiffs were directly interested therefore, they were entitled to join as plaintiffs and there was no misjoinder of parties plaintiff.

3. THE RIGHT OR CAUSE OF A PROCEEDING IN ERROR ACCRUES WHEN

The right or cause of a proceeding in error accrues at the time of the rendition of the judgment or making of the final order, and under section 6723, Revised Statutes, such proceedings must be commenced within six months from that time. If commenced thereafter, the court acquires no jurisdiction of the cause and the petition should be dismissed.

4. OVERRULING MOTION FOR NEW TRIAL IS NOT A FINAL ORDER.

The overruling of a motion for a new trial is not a final order to which error can be prosecuted

ERROR to the Court of Common Pleas of Warren county.

SMITH, J.

Owing to the fact that the original pleadings filed in the case, the judgment which it is in this case sought to review, are not before us, it is difficult to ascertain the exact facts; but we have enough *data* to enable us to state them substantially, aided by the statements of counsel.